UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LOUIS HENRY** <br> **Plaintiff** | * <br> * <br> * | **CIVIL ACTION NO.** |
| **v.** | * <br> * <br> * | **JUDGE:** |
| **SOUTHWEST AIRLINES** <br> **Defendant** | * <br> * <br> * | **MAGISTRATE:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

### PARTIES

1.

Plaintiff, Louis Henry, is, and at all times referenced herein was, a natural person domiciled in the State of Texas.

2.

Defendant, Southwest Airlines Co, is a corporation that has its principal place of business in the State of Texas and is authorized to do and doing business in the State of Louisiana.

### JURISDICTION

3.

This Court has jurisdiction over the claims for violation of the Air Carrier Access Act and the Americans with Disabilities Act under 28 U.S.C. §1331 (federal question jurisdiction).

4.

This Court has jurisdiction over all state law claims asserted herein under 28 U.S.C. §1367 (supplemental jurisdiction), as these claims share a common nucleus of operative facts with the federal claims herein asserted.

5.

This Court also has jurisdiction over all claims asserted herein under 28 U.S.C. §1332.

## GENERAL ALLEGATIONS

6.

Plaintiff, Louis Henry is, and all times relevant herein was, a resident of Houston, Texas.

7.

Southwest Airlines Co. (hereinafter referred to as "Southwest") is a corporation headquartered in the State of Texas and operates extensively in New Orleans, Louisiana at the Louis Armstrong New Orleans International Airport (hereinafter referred to as "Airport").

8.

In or around the Spring of 2021, Mr. Henry purchased a roundtrip plane ticket between Houston, Texas and New Orleans, Louisiana.  When he purchased the ticket, he requested wheelchair assistance because of a knee replacement, neck injuries and back injuries, all of which combined make Mr. Henry disabled.

9.

Mr. Henry flew from Houston to New Orleans without incident.

10.

However, on April 7, 2021, Mr. Henry arrived at the Airport in New Orleans for his return flight to Houston (Flight #1371) and could not obtain a wheelchair after asking a clerk for one.

11.

Mr. Henry then went to the Southwest counter and requested a wheelchair, as Southwest was under a clear obligation to provide a wheelchair.  Southwest could not provide a wheelchair.

12.

Mr. Henry went to several Southwest booths looking for a wheelchair; however, Southwest could not provide a wheelchair.

13.

With the aid of a cane, Mr. Henry checked his luggage; went through the TSA checkpoint and later asked again for a wheelchair from Southwest. Southwest could not provide a wheelchair.

14.

Southwest employees instructed him to begin the boarding process, as Mr. Henry asked again for a wheelchair. Southwest employees told him that it was too late to attempt to find a wheelchair, as the plane would be leaving in 20 minutes.

15.

No Southwest employees assisted Mr. Henry who was clearly ailing, after undergoing a very long walk since the time of his arrival at the Airport.

16.

As Mr. Henry continued with the boarding process unattended, unaided and without the assistance of a wheelchair, he fell forward hitting his head, shoulder and neck.

17.

Paramedics checked Mr. Henry after the fall.

18.

A customer service representative of Southwest told Mr. Henry that an incident report and an incident report number would be provided to him. Southwest still has not provided Mr. Henry a copy of the incident report or an incident report number.

19.

Mr. Henry sustained injuries to his knees, neck, back and wrist.

20.

On April 8, 2021, Mr. Henry went to the emergency room at the University of Texas Medical Branch.

21.

Throughout the process of obtaining a wheelchair, Mr. Henry stated to Southwest employees that he was disabled.

## FIRST CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

22.

Mr. Henry realleges and incorporates by reference Paragraphs 1 through 21 of this Complaint.

23.

When Mr. Henry purchased his airline ticket from Southwest, Southwest led him to assume that if he requested a wheelchair, it would have an agent ready to assist him upon the arrival and departure of each flight.

24.

During the course of his trip from New Orleans to Houston, he was never met with one and had to make great personal efforts to locate one.

25.

Southwest's misrepresentation caused Mr. Henry great distress as well as intense physical pain.

26.

Mr. Henry requests compensation for the physical and emotional pain and suffering he suffered and continues to endure and for the medical bills that have been incurring.

## SECOND CAUSE OF ACTION
## BREACH OF DUTY OF A COMMON CARRIER TOWARD
## DISABLED OR INFIRM PASSENGERS

27.

Mr. Henry realleges and incorporates by reference Paragraphs 1 through 26 of this Complaint.

28.

When Southwest failed to provide the wheelchair assistance that the disabled Henry previously requested, it egregiously violated the duty of common carriers toward disabled passengers, a duty which binds them to provide as much additional care as is reasonably necessary to insure the passenger's safety.

29.

Though it was clearly indicated on Mr. Henry's ticket, none of Southwest's agents voluntarily provided a wheelchair or the additional care and assistance he needed.

30.

Southwest's agents strongly minimized the importance of Mr. Henry's safety, as he consistently stood in long lines, walked lengthy distances and carried his own luggage.

31.

Mr. Henry requests compensation for the physical and mental pain and suffering he has and continues to endure. He also seeks reimbursement for the medical bills he has incurred, as well as all other compensation this Honorable Court deems just and proper.

## THIRD CAUSE OF ACTION
## NEGLIGENCE

32.

Mr. Henry realleges and incorporates by reference Paragraphs 1 through 31 of this Complaint.

33.

Throughout Mr. Henry's travels, Southwest was negligent in its failure to provide him with adequate assistance.

34.

Southwest's treatment of Mr. Henry fell below the standard of reasonable care for an airline agent.

35.

This failure to note the request for wheelchair assistance caused great hardship and suffering to Mr. Henry, forcing him to continually request assistance and to wait extended periods of time for a wheelchair that was never brought to him.

36.

Mr. Henry constantly came into contact with Southwest agents who did not take reasonable care to insure he was not harmed. Although obviously disabled, Mr. Henry was forced to stand in long lines and walk long distances, things that a reasonably careful agent would never ask of a disabled customer.

37.

While Mr. Henry was already disabled, Southwest's actions have exacerbated his condition.

38.

Mr. Henry requests compensation for the physical and mental pain and suffering he has endured and continues to endure.  He also seeks reimbursement for the medical bills he has incurred, as well as all other compensation this Honorable Court deems just and proper.

**FOURTH CAUSE OF ACTION**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

39.

Mr. Henry realleges and incorporates by reference Paragraphs 1 through 38 of this Complaint.

40.

Southwest's agents repeatedly failed to take the necessary precautions to insure Mr. Henry was protected from harm.

41.

Although Mr. Henry's ticket was clearly marked as having requested wheelchair assistance, none of the Southwest agents provided a wheelchair for him.  They did not act as reasonable agents would have in those circumstances to insure that a disabled customer would be shielded from acute emotional distress.

42.

Each Southwest agent who did not assist Mr. Henry to obtain a wheelchair was negligent, as each agent failed to properly asses his physical condition and care for him accordingly.

43.

Mr. Henry requests compensation for the emotional pain and suffering he has endured, as well as all other compensation this Honorable Court deems just and proper.

## FIFTH CAUSE OF ACTION
## VIOLATION OF AIR CARRIER ACCESS ACT

44.

Mr. Henry realleges and incorporates by reference Paragraphs 1 through 43 of this Complaint.

45.

The Department of Transportation has promulgated rules, 14 C.F.R. §382, governing airlines for the accommodation of disabled individuals, pursuant to the Air Carrier Access Act (ACAA), 49 U.S.C. §§41702, 41705 and 41712.

46.

Subpart 39 of the DOT regulations provides that carriers shall ensure that individuals with a disability are to be provided with assistance in enplaning, deplaning and in making flight connections and transportation between gates.  14 C.F.R. §382.39(a).

47.

Southwest failed to comply with this requirement by repeatedly failing to provide wheelchair assistance.

48.

Mr. Henry requests compensation for the emotional pain and suffering he has endured as well as other compensation this Honorable Court deems just and proper.

## SIXTH CAUSE OF ACTION
## VIOLATION OF AMERICANS WITH DISABILITIES ACT

49.

Mr. Henry realleges and incorporates by reference Paragraphs 1 through 48 of this Complaint.

50.

The Americans with Disabilities Act (ADA) prohibits discrimination on the basis of disability in places of public accommodation. 42 U.S.C. §12182(a). The ADA is applicable to airport terminals.

51.

Southwest represented that it offered wheelchairs to those disabled persons who requested them.

52.

However, the special program that Southwest offered was not, in fact, operational. Mr. Henry arrived at the airport in New Orleans only to discover that there were no wheelchairs provided for his use.

53.

As a result, his return trip to Houston from New Orleans ended in a painful ordeal. This is a violation of the ADA.

54.

Mr. Henry requests compensation for the emotional pain and suffering he has endured as well as other compensation this Honorable Court deems just and proper.

**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory damages according to proof and prejudgment interest thereon to the extent allowed by law;

2. For additional damages according to proof;

3. For all costs of suit, including attorney's fees, court costs and expert fees and

4. For all such other relief as this Honorable Court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Ruled 38(b) of the Federal Rules of Civil Procedure, the Plaintiff respectfully demands a trial by jury on all issues triable as of right by jury.

Respectfully submitted,

s/Randy G. McKee
Randy G. McKee, Esq. (#24552)
McKee Law Firm, L.L.C.
1100 Poydras Street
Suite 1475
New Orleans, LA  70163
Telephone:     504.581.5902
Email:         rgmckee@mckeelawllc.com

and

Steven Jupiter, Esq. (#26317)
Jupiter Law Firm, L.L.C.
650 Poydras Street
Suite 2015
New Orleans, LA  70130
Telephone:     504.533.8720
Email:         sjupiterlaw@aol.com
**COUNSEL FOR LOUIS HENRY**