```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**LOUIS HENRY**                                              **CIVIL ACTION**

**VERSUS**                                                   **NO. 22-0944**

**SOUTHWEST AIRLINES CO.**                                   **SECTION "B"(4)**

**ORDER AND REASONS**

Before the Court are plaintiff's Complaint (Rec. Doc. 1), defendant's motion to dismiss (Rec. Doc. 7), plaintiff's opposition to defendant's motion (Rec. Doc. 12), and defendant's reply in support (Rec. Doc. 18). For the following reasons,

**IT IS ORDERED** that defendant's motion to dismiss (Rec. Doc. 7) is **GRANTED,** dismissing plaintiff's claim pursuant to 49 U.S.C. § 41705, the Air Carrier Access Act ("ACAA").

I. **FACTS AND PROCEDURAL HISTORY**

This lawsuit arose from an incident at the Louis Armstrong International Airport on April 7, 2021. Rec. Doc. 1 (Complaint). During the Spring of 2021, Louis Henry ("Plaintiff") purchased a roundtrip plane ticket from Houston, Texas to New Orleans, Louisiana on Southwest Airlines ("Defendant" or "Southwest"). *Id.* Plaintiff requested wheelchair assistance at the time of purchase due to pre-existing physical injuries that combined to render him disabled. *Id.* However, when he arrived at the Louis Armstrong International Airport for his return flight to Houston, Southwest did not provide him with a wheelchair. *Id.* Plaintiff made multiple

1

requests to Southwest from when he arrived at the airport to when his plane boarded, but Southwest did not provide him with a wheelchair. *Id.*

Attempting to board the plane without the aid of a wheelchair, plaintiff fell forward, hitting his head, should, and neck. Rec. Doc. 1. Paramedics responded to the plaintiff's fall, and a customer service representative informed him that an incident report and report number would be provided to him. *Id.* Plaintiff asserts he has yet to receive the incident report or report number from Southwest. *Id.* As a result of his fall, plaintiff claims he has sustained injuries to his knees, neck, back, and wrist. *Id.*

On April 7, 2022, plaintiff filed suit in this Court, seeking to recover damages he sustained in the above-described incident. Rec. Doc. 1. He has alleged five causes of action, including a claim under Title III of the Americans with Disabilities Act ("ADA") and a claim under the Air Carrier Access Act ("ACAA"). *Id.* On July 26, 2022, defendant Southwest filed the instant motion to dismiss, seeking to dismiss plaintiff's claim pursuant to 49 U.S.C. § 41705, the Air Carrier Access Act ("ACAA"). Rec. Doc. 7. Plaintiff filed a timely opposition on August 9, 2022. Rec. Doc. 12. Thereafter, defendant filed a reply in support of its motion on August 15, 2022. Rec. Doc. 18.

## II. LAW AND ANALYSIS

### A. 12(b)(6) Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint "must contain enough facts to state a claim to relief that is plausible on its face." *Varela v. Gonzalez*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotes omitted)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, the court is not bound to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002). *A fortiori*, a complaint may be dismissed when it appears "beyond a doubt that plaintiff can prove no set of facts" that would entitle him to prevail. *Twombly*, 550 U.S. at 560-61, 127 S.Ct. 1955; *First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, 178 F. Supp. 3d 390, 399 (E.D. La. 2016). However,

3

the Fifth Circuit has stated that motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are "viewed with disfavor and [are]...rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).

### B. Plaintiff's Claim Under the Air Carrier Access Act Must be Dismissed

Defendant Southwest argues that plaintiff's claim pursuant to 49 U.S.C. § 41705, the Air Carrier Access Act ("ACAA") should be dismissed because that statute provides no private right of action. Rec. Docs. 7, 18. Plaintiff filed an opposition, but the only substantive criticism found therein was a one-sentence request that "this Honorable Court … allow [plaintiff] leave of court to examine and to address whether he has any viable claims under the ACAA." Rec. Doc. 12 at p. 3.

In a recent decision, the U.S. Fifth Circuit has unequivocally held that "no private right of action exists to enforce the ACAA in district court." *Stokes v. Sw. Airlines*, 887 F.3d 199, 205 (5th Cir. 2018). While the ACAA "prohibits airlines from discriminating on the basis of disability, it does not expressly provide a right to sue the air carrier." *Id.* (citing *Lopez v. Jet Blue Airways*, 662 F.3d 593, 597 (2d Cir. 2011)). Furthermore, "every federal court to reach the issue has held that the ACAA's text and structure preclude a private right of action." *Id.* at 202.

4

The ACAA "combines with other federal aviation statutes to form a comprehensive administrative scheme designed to vindicate fully the rights of disabled persons." *Id.* at 202-03. This regulatory scheme's enforcement "lies primarily with the Department of Transportation." *Id.* The ACAA only leaves private litigants "carefully circumscribed roles." *Stokes*, 887 F.3d at 203. The ACAA's remedial process is specifically limited to an aggrieved passenger notifying the Department of Transportation (DOT) of an alleged violation (with a limited right of judicial review if the DOT declines to investigate); the DOT investigating the allegation; the DOT issuing an order of compliance; and the DOT itself enforcing that order by filing a civil action in district court. *Id.*

Plaintiff has alleged a cause of action based on Southwest's alleged violation of the ACAA. However, because plaintiff is a private litigant, his complaint fails to state a claim upon which relief can be granted under the ACAA. See *Stokes*, 887 F.3d at 203; *Alvarado v. Allegiant Travel Co.*, No. 7:20-CV-00308, 2020 WL 6869996 (S.D. Tex. Nov. 20, 2020) (finding plaintiff's complaint failed to state a claim because her sole claim was based on alleged violations of the ACAA.). While plaintiff has requested leave of court to examine whether he has any viable claim under the ACAA, we find that granting leave would be futile. See *Theriot v. Bldg. Trades United Pension Tr. Fund, No. CV 18-10250*, 2022 WL 2967439

5

(E.D. La. July 27, 2022) (citing *United States ex rel. Lin v. Mayfield*, 773 F. App'x. 789, 790 (5th Cir. 2019) (stating a decision to grant leave is within the discretion of the trial court.). Plaintiff is a private litigant. No amount of leave will change that fact; thus, any claim under the ACAA will remain precluded. Accordingly, defendant's Rule 12(b)(6) partial motion to dismiss is **GRANTED**, dismissing plaintiff's claim under the ACAA.

New Orleans, Louisiana this 16th day of August, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE