UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LOUIS HENRY**                                                                CIVIL ACTION

**VERSUS**                                                                      NO. 22-0944

**SOUTHWEST AIRLINES CO.**                                       SECTION "B"(4)

ORDER AND REASONS

Before the Court are plaintiff's complaint (Rec. Doc. 1), defendant's motion to dismiss (Rec. Doc. 6), plaintiff's opposition (Rec. Doc. 11), and defendant's reply (Rec. Doc. 17). For the following reasons,

**IT IS ORDERED** that defendant's motion to dismiss (Rec. Doc. 6) is **GRANTED,** dismissing plaintiff's claims pursuant to Title III of the Americans with Disabilities Act("ADA"); and

**IT IS FURTHER ORDERED that no later than September 13, 2022** parties shall file memoranda on whether or not diversity jurisdiction exists based upon citizenship of the parties, with reply memoranda thereafter due within 5 days of receipt.

I.   FACTS AND PROCEDURAL HISTORY

This lawsuit arose from an incident at the Louis Armstrong International Airport on April 7, 2021. Rec. Doc. 1 (Complaint). During the Spring of 2021, Louis Henry ("Plaintiff") purchased a roundtrip plane ticket from Houston, Texas to New Orleans, Louisiana on Southwest Airlines ("Defendant" or "Southwest"). *Id.* Plaintiff requested wheelchair assistance at the time of purchase

1

due to pre-existing physical injuries that combined to render him disabled. *Id.* However, when he arrived at the Louis Armstrong International Airport for his return flight to Houston, Southwest did not provide him with a wheelchair. *Id.* Plaintiff made multiple requests to Southwest from when he arrived at the airport to when his plane boarded, but Southwest did not provide him with a wheelchair. *Id.*

Attempting to board the plane without the aid of a wheelchair, plaintiff fell forward, hitting his head, should, and neck. Rec. Doc. 1. Paramedics responded to the plaintiff's fall, and a customer service representative informed him that an incident report and report number would be provided to him. *Id.* Plaintiff asserts he has yet to receive the incident report or report number from Southwest. *Id.* As a result of his fall, plaintiff claims he has sustained injuries to his knees, neck, back, and wrist. *Id.*

On April 7, 2022, plaintiff filed suit in this Court, seeking to recover damages he sustained in the above-described incident. Rec. Doc. 1. He alleged six causes of action, including federal claims under Title III of the Americans with Disabilities Act ("ADA") and a claim under the Air Carrier Access Act ("ACAA"). *Id.* On July 26, 2022, Southwest filed a motion to dismiss the ACAA claim. Rec. Doc. 7. That motion was granted on August 16, 2022. Rec. Doc. 19. Plaintiff asserts supplemental and diversity jurisdiction over the remaining state law claims.

2

On July 26, 2022, Southwest filed the instant motion to dismiss, seeking to dismiss plaintiff's claim pursuant to Title III of the Americans with Disabilities Act ("ADA"). Rec. Doc. 6. Mr. Henry filed a timely opposition on August 9, 2022. Rec. Doc. 11. Thereafter, Southwest filed a reply in support of its motion on August 15, 2022. Rec. Doc. 17.

## II.  LAW AND ANALYSIS

### A. 12(b)(6) Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint "must contain enough facts to state a claim to relief that is plausible on its face." *Varela v. Gonzalez*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotes omitted)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, the court is not bound to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a

motion to dismiss." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002). *A fortiori*, a complaint may be dismissed when it appears "beyond a doubt that plaintiff can prove no set of facts" that would entitle him to prevail. *Twombly*, 550 U.S. at 560–61, 127 S.Ct. 1955; *First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, 178 F. Supp. 3d 390, 399 (E.D. La. 2016). However, the Fifth Circuit has stated that motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are "viewed with disfavor and [are]...rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).

**B. Title III of the Americans with Disabilities Act ("ADA")**

Plaintiff alleges disability discrimination under Title III of the ADA. Rec. Doc. 1. He contends the Act prohibits discrimination based on disability in places of public accommodation, including airport terminals. *Id.*

Title III prohibits "any person who owns, leases …, or operates a place of public accommodation" from discriminating on the basis of disability in "any place of public accommodation." 42 U.S.C.A. § 12182(a). The ADA also enumerates twelve categories of "private entities" that are places of "public accommodation." 42 U.S.C. § 12181(7)(A)-(L). Pursuant to the ADA, a "public accommodation" includes "a terminal, depot, or other station used for *specified public transportation*." 42 U.S.C. § 12181(7)(G) (emphasis added). The ADA further defines "specified public

4

transportation" as "transportation by bus, rail, or any other conveyance (*other than by aircraft*) that provides the general public with general or special service (including charter service) on a regular and continuing basis." 42 U.S.C. § 12181(10) (emphasis added). Read in conjunction, these statutory provisions clearly establish that airplanes and terminals used for air travel are excluded from coverage under Title III of the ADA. *See Texas Workforce Comm'n v. United States Dep't of Educ.*, 973 F.3d 383 (5th Cir. 2020) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) ("When the words of a statute are unambiguous ... judicial inquiry is complete.")); *Lopez v. Jet Blue Airways*, 662 F.3d 593, 599 (2d Cir. 2011) (holding that "[a]ir carriers are not liable under [the ADA] for disability discrimination in the provision of services related to air transportation.").

Plaintiff contends disability discrimination occurred at the Louis Armstrong International Airport, which undoubtably is a "facility primarily devoted to air travel." *Lopez,* 662 F.3d at 599. His allegation that he was subject to discrimination at the airport terminal is also unpersuasive as this area has been construed as exempt under Title III of the ADA. *See id.* at 598-99 (holding that "public transportation terminals, depots, or stations used primarily to facilitate air transportation are not 'public accommodation[s]' for purposes of Title III of the ADA");

5

*see also Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1003 (9th Cir. 2013) (same). While Plaintiff's allegations, taken as true, raise valid concerns regarding his treatment, the Court cannot rely on such circumstances to justify expanding the scope of the ADA beyond what Congress has stated. Therefore, there can be no liability under the ADA on this theory, and plaintiff's claim against Southwest is dismissed.

### C. Remaining State Law Claims

With dismissal of aforementioned federal claims, federal jurisdiction over the remaining state law claims may exist under 28 U. S. C. §1367 (supplemental) or 28 U. S. C. §1332 (diversity). See Rec. Doc. 1, ¶¶ 4-5.

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Heggemeier v. Caldwell Cnty., Texas*, 826 F.3d 861 (5th Cir. 2016) (quoting *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)); *see also Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 246 (5th Cir. 2022) (finding the district court did not abuse its discretion by declining supplemental jurisdiction after plaintiff's state law claims were dismissed.).

Because this matter is still in its stages, any trial is a distant possibility. Therefore, the exercise of supplemental jurisdiction would be declined. *See Manyweather*, 40 F.4th at 246.

Plaintiff has also asserted "28 U. S. C. §1332", the diversity jurisdiction statute, as a separate basis for federal jurisdiction over state-based claims. Rec. Doc. 1, ¶5. However, diversity of citizenship between Mr. Henry and Southwest is drawn into question from the face of the complaint.

Federal subject matter jurisdiction is not waivable and can be raised *sua sponte* at any stage. "All issues of subject matter jurisdiction, including whether a party is improperly joined, are questions of law reviewed *de novo*. We may consider subject matter *sua sponte*, as 'subject-matter delineations must be policed by the courts on their own initiative.' *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281 (5th Cir. 2007)(internal quote from *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999).

Plaintiff Henry is referenced in the complaint as a "person domiciled in the State of Texas…and all times relevant…was a resident of Houston, Texas." Rec. Doc. 1, ¶¶ 1&6. Defendant Southwest is alleged to be "a corporation that has its principal place of business in the State of Texas and is authorized to do and doing business in the State of Louisiana…[and] headquartered in the State of Texas…." Id. at ¶¶ 2&7.

Accordingly, since the issue of diversity jurisdiction is raised *sua sponte* by the court, parties will be given as ordered above an opportunity to file memoranda on whether diversity jurisdiction exists under the foregoing circumstances.

New Orleans, Louisiana this 29th day of August, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE