UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUIS HENRY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-0944** |
| **SOUTHWEST AIRLINES CO.** | **SECTION "B"(4)** |

ORDER AND REASONS

The Court raises subject matter jurisdiction issues *sua sponte* after dismissing all federal claims. Rec. Doc. 21. For the following reasons,

**IT IS ORDERED** that the above captioned case is **DISMISSED** by declining supplemental jurisdiction over the sole remaining state law claims.

I.   **FACTS AND PROCEDURAL HISTORY**

This lawsuit arose from an incident at the Louis Armstrong International Airport on April 7, 2021. Rec. Doc. 1 (Complaint). During the Spring of 2021, Louis Henry ("Plaintiff") purchased a roundtrip plane ticket from Houston, Texas to New Orleans, Louisiana on Southwest Airlines ("Defendant" or "Southwest"). *Id.* Plaintiff requested wheelchair assistance at the time of purchase due to pre-existing physical injuries that combined to render him disabled. *Id.* However, when he arrived at the Louis Armstrong International Airport for his return flight to Houston, Southwest did not provide him with a wheelchair. *Id.* Plaintiff made multiple requests to Southwest from when he arrived at the airport to when

1

his plane boarded, but Southwest did not provide him with a wheelchair. *Id.*

Attempting to board the plane without the aid of a wheelchair, plaintiff fell forward, hitting his head, should, and neck. Rec. Doc. 1. Paramedics responded to the plaintiff's fall, and a customer service representative informed him that an incident report and report number would be provided to him. *Id.* Plaintiff asserts he has yet to receive the incident report or report number from Southwest. *Id.* As a result of his fall, plaintiff claims he has sustained injuries to his knees, neck, back, and wrist. *Id.*

On April 7, 2022, plaintiff filed suit in this Court, seeking to recover damages he sustained in the above-described incident. Rec. Doc. 1. He has alleged five causes of action, including a claim under Title III of the Americans with Disabilities Act ("ADA") and a claim under the Air Carrier Access Act ("ACAA"). *Id.* On July 26, 2022, defendant Southwest filed the instant motion to dismiss, seeking to dismiss plaintiff's claim pursuant to 49 U.S.C. § 41705, the Air Carrier Access Act ("ACAA"). Rec. Doc. 7. Plaintiff filed a timely opposition on August 9, 2022. Rec. Doc. 12. Thereafter, defendant filed a reply in support of its motion on August 15, 2022. Rec. Doc. 18.

On August 19, 2022, this Court dismissed plaintiff's claims under the ACAA, 49 U.S.C. § 41705. Rec. Doc. 19 at 1. Then on August 31, 2022, this Court dismissed plaintiff's claims under

Title III of the ADA. Rec. Doc. 21 at 1. After dismissal of the claims under the ACAA and the ADA, all that remains are plaintiff's state law claims. Parties were then given the opportunity to file memoranda on whether diversity jurisdiction exists. *Id.* at 8.

## II. LAW AND ANALYSIS

### A. Diversity Jurisdiction

District courts have original jurisdiction over civil actions that are (1) between citizens of different states and (2) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and cost. *See* 28 U.S.C. § 1332(a)(1). A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). Principal place of business "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," i.e., where the corporation's "never center" is located. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). The nerve center is "typically found at a corporation's headquarters." *Id.* at 81. An individual is a citizen of the state where domiciled. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

Defendant Southwest Airlines Co. is a corporation, and as such is deemed a citizen of its state of incorporation and the state in which its principal place of business is located.

3

Southwest is incorporated under the laws of Texas. *Southwest Airlines Co*, SEC.REPORT (last visited September 14, 2022), https://sec.report/CIK/0000092380. Southwest is headquartered in Texas and maintains that its principal place of business is located in Texas. *See* Rec. Doc. 23 at 2. For purposes of diversity jurisdiction, defendant is a citizen of Texas.

Plaintiff Louis Henry as an individual is a citizen of the state of his domicile. Plaintiff is domiciled in the State of Texas, and therefore is deemed a citizen of Texas. *See* Rec. Doc. 1 at 1. In his memorandum regarding diversity of citizenship of the parties, plaintiff further "concedes that there is no complete diversity between the parties . . . ." Rec. Doc. 24 at 1.

Because there is no complete diversity of citizenship between parties, the Court cannot exercise diversity jurisdiction under 28 U.S.C. § 1332.

## B. Supplemental Jurisdiction

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) *the district court has dismissed all claims over which it has original jurisdiction*, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

28 U.S.C. § 1367(c) (emphasis added). "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Heggemeier v. Caldwell Cnty., Tex.*, 826 F.3d 861 (5th Cir. 2016) (quoting Noble v. White, 996 F.2d 797, 799 (5th Cir. 1993)); *see also Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 246 (5th Cir. 2022) (finding the district court did not abuse its discretion by declining supplemental jurisdiction after plaintiff's state law claims were dismissed).

Plaintiff cites to *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227-28 (5th Cir. 1992) and *Newport, Ltd. v. Sears, Roebuck & Co.*, 941 F.2d 302, 308 (5th Cir. 1992) in support of his contention that this court should exercise its discretionary supplemental jurisdiction. However, those cases are not persuasive in this instance.

The court in *Batiste* held it was an abuse of discretion by the district court to decline supplemental jurisdiction where the factors of judicial economy, convenience, and fairness pointed to retaining jurisdiction over the state law claims as the case had been pending in the district court for three years with a trial to begin in month. *See Batiste*, 179 F.3d at 228. Similarly in *Newport*, the case had been pending for four years, produced thousands of pages of record, hundreds of depositions, thousands of pages of discovery production, a pretrial order over 200 pages, that

5

"declining to hear this case on the eve of trial constituted an abuse of the trial court's discretion." *Newport, Ltd.*, 941 F.2d at 307-08.

Here, the complaint was filed on April 7, 2022, and has not been pending in this court for six months. Rec. Doc. 1. Further, this court has ruled on only two opposed motions, *see* Rec. Doc. 19; Rec. Doc. 21. The current scheduling order has discovery to be completed by March 28, 2023, and trial set for May 8, 2023. Rec. Doc. 23. Unlike *Batiste* or *Newport*, this case is in its infancy, having not even started discovery. *See* Rec. Doc. 24 (emphasis added) ("A trial date of May 8, 2023 has been set, and *the parties are able to begin the discovery process*."). In those cases, supplemental jurisdiction was refused with under a month left until trial, here, trial is not scheduled for over seven months, and minimal judicial resources have been consumed up to this point.

Because the factors of judicial economy, convenience, and fairness indicate that this case belongs in state court after all federal claims have been resolved in the early stages and only state-law claims remain, the court declines supplemental jurisdiction. *See Newport, Ltd.*, 941 F.2d at 307 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

New Orleans, Louisiana this 21th day of September, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE